UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, N.C.
DEC 30 PM 12: 11

James Morrison /
    Plaintiff, /
/ 3:04CV644-K
Vs. /
/
Toyota Motor Credit Corporation /
A.K.A. Toyota Financial Services /
    Defendant /
_____ /

# COMPLAINT

## PRELIMINARY STATEMENT

[handwritten margin note: Toyota motor credit corporation]

NOW COMES JAMES MORRISON, ("Plaintiff"), Pro Se, who brings this action to the Court based upon ~~Nordstrom, Inc.~~ ("Defendant") violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., Defamation and Slander. Plaintiff seeks actual damages, statutory damages, punitive damages, injunctive relief, costs, and potential attorney fees.

## PROVISIONS RELATING TO JURISDICTION AND VENUE

1. The Plaintiff is a bona fide resident of MECKLENBURG COUNTY, State of NORTH CAROLINA and has been for six months immediately prior to filing this action. Defendant is a foreign corporation doing business in MECKLENBURG COUNTY, State of NORTH CAROLINA.

2. Plaintiff and Defendant have conducted business in MECKLENBURG COUNTY, State of NORTH CAROLINA. Venue properly lies in MECKLENBURG COUNTY, State of NORTH CAROLINA, pursuant to 28 U.S.C §1391(b).

3. Plaintiff files this pleading in the Western District of North Carolina, Charlotte Division under 15 U.S.C. §1681(p) jurisdiction of courts stating an action to enforce any liability created under this title may be brought in any appropriate court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises.

## PARTIES

4. Plaintiff is a natural person residing in the State of NORTH CAROLINA, MECKLENBURG COUNTY. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

5. Upon information and belief, defendant (hereafter "Toyota") is a corporation that maintains headquarters in Torrance, California and is authorized to do business in the State of NORTH CAROLINA through its registered agent and is a "person" as defined in 15 U.S.C § 1681a(b).

6. Upon information and belief, Defendant regularly furnishes information to credit reporting agencies.

## TRIAL BY JURY

7. Plaintiff, JAMES MORRISON, Pro Se, is entitled to and hereby requests a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## STATEMENT OF FACTS

8. In April of 2004 The Plaintiff became aware of a credit account on his credit file(s) reported by the Defendant.

9. In April of 2004 the Plaintiff disputed with the three credit bureaus (Trans Union Equifax and Experian) indicating the credit bureau was reporting inaccurate information. About fifteen to thirty days later, each bureau as required by law, notified the Defendant. The Defendant in turn verified the information in question as being correct and told each credit bureau the inaccurate information should remain on the Plaintiff's report.

10. On August 6, 2004 the Plaintiff sent the Defendant via 1st class US mail a letter asking for information about the inaccurate account and to please provide documentation so he could research the account. There was no response from the Defendant.

11. On October 6, 2004 the Plaintiff mailed the Defendant another letter via 1st class US mail. In this letter he mentioned that if the disputed accounts were reporting incorrectly and there was no documentation available that they should be deleted according to 15 U.S.C. §1681s-2 (b). Plaintiff received no response from the Defendant.

12. On November 29, 2004 Plaintiff was denied a line of credit because of inaccurate information contained in Plaintiff's report. Plaintiff was also denied credit card on November 11, 2004. The reason cited for both denials was "recent delinquency on credit file."

## FIRST CAUSE OF ACTION

13. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 12 above.

14. Per the Fair Credit Reporting Act, §623 [15 U.S.C. §§1682s-2] "(b) Duties of furnishers of information upon notice of dispute. (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information."

15. The Plaintiff sent two letters on August 6, 2004 and October 6, 2004 notifying the Defendant to investigate an inaccurate account pursuant to the Fair Credit Reporting Act 15 U.S.C. §§1681s-2. Defendant did not respond to the requests and ignored Plaintiff and continued to report the inaccurate account information to the three credit bureaus.

16. The Defendant willfully and/or negligently violated provisions of the Fair Credit Reporting Act 15 U.S.C. §§1681s-2 et. seq in the following respects:
a. by willfully and/or negligently failing to conduct an investigation, in accordance with the requirements of §1681s-2 (b)

## SECOND CAUSE OF ACTION

17. Plaintiff re-alleges the allegations set forth in Paragraph 1 through 16 hereinabove.

18. The information contained in Plaintiffs' credit file is unauthorized and damaging and has caused Plaintiff denial of credit, financial loss, loss of business, financial hardship and emotional distress.

19. Without permanent removal of such inaccurate information, there is not remedy at law for Plaintiff.

## THIRD CAUSE OF ACTION: DEFAMATION AND SLANDER

20. Plaintiff re-alleges the allegations set forth in Paragraph 1 through 19 hereinabove.

21. At the times pertinent hereto, Defendant have published statements both orally and through writing to various credit reporting agencies, collection agencies and/or attorneys that are false and negative representations concerning Plaintiff's credit information and history.

22. At a minimum, Defendant have published these statements each time Plaintiff has notified Defendant and other credit reporting agencies of Plaintiff's dispute and each time a credit-reporting agency has reinvestigated the dispute.

23. The statements made by Defendant are false as outlined above.

24. Defendant has published these statements to at least three (3) credit reporting agencies.

25. Defendant knew that the statements were false when made and had no factual basis for making the statements, as Plaintiff had notified them that the statements were false for the above-mentioned reasons and, nonetheless, they continue to publish such statements up through the present time.

26. The written statements and publications constitute libel per se.

27. The oral statements and publications constitute slander per se.

28. In addition, and despite the repeated notices from Plaintiff, Defendant has acted with malice by failing to communicate the information provided to them by Plaintiff to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

29. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiff prays that the court grant:

a) actual damages as to his First Cause as provided by 15 U.S.C. §1681n and 15 U.S.C. §1681o

b) statutory damages as to his First Cause as provided by 15 U.S.C. §1681n and 15 U.S.C. §1681o

c) punitive damages as to his First Cause as provided by 15 U.S.C. §1681n

d) injunctive relief as to his Second Cause as provided by 15 U.S.C. §1681 of permanent removal of inaccurate information

e) actual, compensatory and punitive damages as to his Third Cause.

f) any attorney fees if applicable; and

g) court costs.

FURTHER, sayeth naught.

Dated this 29th day of December, 2004

_____
James Morrison, Pro Se
6420 Rea Road #214
Charlotte, NC 28277
704-577-6940